**Daniel J. WALSH, Plaintiff,**

v.

**CARPENTERS LOCAL UNION, NO. 608, Defendant.**

**No. 87 Civ. 5003 (RPP).**

United States District Court, S.D. New York.

April 10, 1990.

Michael Drezin, Bronx, N.Y., for plaintiff.

Manning, Raab, Dealy & Sturm, Ira A. Sturm, New York City, for defendant.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant moves for summary judgment of this claim which is based on the Age

Discrimination in Employment Act (ADEA).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission on May 7, 1987, claiming discrimination based on age since July 1978. This action, based on the same claim, was filed on July 14, 1987. Defendant claims plaintiff's claim is barred because of a decision by Judge Cooper of November 6, 1984 in an earlier action containing similar charges, and because, since November 6, 1984, any unemployment plaintiff has suffered is due to his not accepting offers of employment or because, since October 13, 1986, plaintiff has been physically disabled from performing carpenter's work.

The time period prior to Judge Cooper's decision is barred both by the statute of limitations and by principles of *res judicata.* However, the time period subsequent thereto is not so barred. Plaintiff, a 77–year old carpenter, was injured on the job while working at the Jacob Javits Convention Center (the "Center") on October 13, 1986. Plaintiff has sought discovery of defendant, particularly with respect to its record of calls for jobs at the Center where plaintiff claims senior carpenters are employed because of the light duties involved. Defendant has not complied with plaintiff's discovery requests. Plaintiff has provided two doctor's affidavits stating he is able to perform the light carpentry work at the Center.

In view of the foregoing, defendant's motion is denied without prejudice to a renewal thereof after plaintiff has completed its discovery, which the Court orders be completed by June 1, 1990. If, for any reason attributable to plaintiff or his counsel, discovery is not completed by that date, the Court will entertain a motion to dismiss for failure to prosecute. A pretrial order shall be filed by June 15, 1990 and a pretrial conference shall be held on June 23, 1990 at 9:00 a.m.

SO ORDERED.